UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD ROYCE STOLZ, II,

Plaintiff,

v.

TRAVELERS COMMERCIAL
INSURANCE COMPANY, et al.,

Defendants.

Case No. 2:18-cv-01923-KJM-KJN

ORDER

Dariush G. Adli, Jeremy L. Ross and ADLI Law Group, P.C. ("counsel") move for leave to withdraw as counsel for plaintiff Edward Royce Stolz, II. Mot., ECF No. 44-1, Errata Not., ECF No. 47.[1] Defendant Travelers Commercial Insurance Company filed a statement of non-opposition. ECF No. 55. As explained below, the court GRANTS the motion.

I. LEGAL STANDARD

If withdrawal would leave a client in propria persona, Local Rule 182 requires the withdrawing counsel to seek leave of court, file a formal motion and provide notice of the withdrawal to the client and all other parties who have appeared. E.D. Cal. R. 182(d). The attorney must also provide an affidavit stating the current or last known address or addresses of the client and the attorney's efforts to notify the client of the motion to withdraw. *Id.* Withdrawal must comply with the Rules of Professional Conduct of the State Bar of California. *Id.*

---

[1] Counsel's notice of errata included a description of the parties' meet and confer efforts and corrected citations to Adli's declaration.

1

1 | Under California Rule of Professional Conduct 1.16(e), an attorney must "take[] reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel, and" returning the client's materials, property and unearned fees and expenses. Courts consider several factors when evaluating a motion to withdraw, including the reasons for withdrawal, possible prejudice to the client and other litigants, harm to the administration of justice, and possible delay. *Deal v. Countrywide Home Loans*, No. C 09-01643 SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010) (citation omitted).

## II. DISCUSSION

Counsel demonstrate good cause for withdrawal. Plaintiff has rendered continued representation unreasonably difficult, breached material terms of his agreement and continued representation will likely result in a violation of the California Rules of Professional Conduct. Mot. at 2. Specifically, "information [counsel] recently learned in the course of their representation . . . is likely to result in violation of . . . Rules 1.7(b) and (d) (governing conflicts of interest) and 3.3 (governing candor toward tribunals)." *Id.* at 3 (citing Adli Decl., ECF No. 44-2 ¶ 4). Counsel also attest to "irreconcilable differences that have made continuing representation of Plaintiff unreasonably difficult" and plaintiff's "fail[ure] to adequately cooperate in the prosecution of his case." Adli Decl. ¶¶ 3, 8. Citing proceedings before the assigned magistrate judge by way of example, counsel also contend, "[p]laintiff has rendered it unreasonably difficult for Movants to carry out their continued representation of him effectively." Mot. at 4 (citing ECF No. 21 (sanctioning plaintiff $1,000.00 for refusing to make property available for initial environmental site inspection in violation of prior order), ECF No. 42 (ordering plaintiff to personally appear at hearing on whether terminating or monetary sanctions were appropriate in light of plaintiff's cancellation of court-ordered site inspection), ECF No. 43 (sanctioning plaintiff $1,840.00 for his conduct and cautioning plaintiff continued noncompliance may result in increased sanctions including dismissal of the action with prejudice)). Finally, counsel contend plaintiff violated the written agreement requiring him to timely pay for legal fees, with plaintiff currently owing counsel

/////

2

1 | "a high-five figure amount in past due fees in this matter" and despite numerous warnings that
2 | counsel will withdraw if plaintiff does not abide by the agreement. *Id.* at 4.

Counsel also demonstrate compliance with this court's local rules governing withdrawal. Counsel informed plaintiff in writing more than a month before moving to withdraw that his continued noncompliance with the terms of their engagement agreement would require counsel to withdraw, contacted plaintiff by telephone on several occasions to provide the same information, sent a final written notice to plaintiff the day before filing this motion, and have provided the court with plaintiff's current address. *Id.* at 5.

Accordingly, counsel demonstrate good cause for withdrawal, and the court GRANTS the motion. Counsel are ORDERED to serve plaintiff with a copy of this order and file a proof of service with the court within seven (7) days. Counsel must comply with all obligations under California Rule of Professional Conduct 1.16. Plaintiff is now proceeding pro se, and the Clerk of the Court shall indicate plaintiff's pro se status on the court's docket. The court REFERS this matter to the assigned magistrate judge for future proceedings under Local Rule 302(c)(21) and VACATES the March 21, 2019 settlement conference before Judge Claire, to be reset as Judge Newman deems appropriate.

IT IS SO ORDERED.

DATED: March 4, 2019.

_____
UNITED STATES DISTRICT JUDGE