1  Ben-Thomas Hamilton (SBN 222601)
   Michaele M. Gonzalez (SBN 321213)
2  HAMILTON & ASSOCIATES, APC
   3110 Camino del Rio South, Suite 203
3  San Diego, California 92108

4  Telephone:   (619) 299-4877
   Facsimile:   (619) 299-4787
5
   Attorneys for Plaintiff EDWARD ROYCE STOLZ, II
6

7

8                 **UNITED STATES DISTRICT COURT**

9                 **EASTERN DISTRICT OF CALIFORNIA**

10

11  EDWARD ROYCE STOLZ, II, an          Case No. 2:18-CV-01923-KJM-KJN
    individual,
12                                       **PLAINTIFF'S OPPOSITION TO**
                                         **TRAVELERS' SECOND MOTION TO**
13          Plaintiff,                   **ENFORCE ORDER RE: PLAINTIFF**
                                         **STOLZ' RESPONSES TO DISCOVERY;**
14          v.                           **PLAINTIFF'S REQUEST TO BE**
                                         **EXCUSED FROM PERSONAL**
15  TRAVELERS COMMERCIAL                 **APPEARANCE AT HEARING**
    INSURANCE COMPANY, a Connecticut
16  corporation; MATT D. KNIFTON, an
    individual; and DOES 1 through 25,   Date:  August 29, 2019
17  inclusive                            Time:  10:00 a.m.
                                         Dept:  Courtroom 25
18          Defendants.                  Judge: Hon. Kendall J. Newman

19

20          Plaintiff EDWARD ROYCE STOLZ, II ("STOLZ") hereby respectfully submits the

21  following memorandum of points and authorities in support of his opposition to Defendant

22  TRAVELERS COMMERCIAL INSURANCE COMPANY'S ("TRAVELERS") Second Motion

23  to Enforce Order Re: Plaintiff Stolz' Responses to Discovery.

24                        **I.  INTRODUCTION**

25          STOLZ respectfully requests that this Court deny TRAVELERS' motion and decline to

26  issue sanctions against STOLZ.  Prior to the filing of TRAVELERS' motion, on July 5, 2019,

27  STOLZ served supplemental responses to the discovery at issue in a good faith attempt to

28  resolve this matter. STOLZ supplemented the responses to the best of his ability and provided

1  all information and documentation in his possession.  Here, TRAVELERS is attempting to use

2  the discovery process to punish STOLZ for what it perceives as a lack of evidence.  Seeking

3  dismissal and discovery sanctions against STOLZ is not the correct avenue to address STOLZ'

4  inability to produce certain documents and information.  Nevertheless, TRAVELERS filed this

5  instant motion, essentially seeking terminating sanctions against STOLZ.

6        Subsequent to the June 13, 2019 hearing on TRAVELERS' first motion to enforce this

7  Court's order regarding STOLZ' discovery responses, STOLZ further supplemented his

8  responses on July 5, 2019.  Additionally, through the meet and confer process and STOLZ'

9  deposition, STOLZ supplied additional information and clarification to TRAVELERS.

10  Unfortunately, TRAVELERS insists on pursuing this course of action even though STOLZ has

11  no further information to provide.  TRAVELERS wants further documentation, but STOLZ

12  simply cannot supply documentation that he does not have.

13        TRAVELERS, with the benefit of hindsight, appears to take the position that it is

14  unreasonable that STOLZ has not keep track of how many days he spent at each of his

15  properties.  STOLZ did not plan for the loss, he did not anticipate the loss, and any failure to

16  track his presence at each residence is understandable.  Individuals simply do not expect to go

17  through the situation that STOLZ has been forced to endure because of TRAVELERS' denial

18  of coverage.

19        There is no question that STOLZ was obligated to provide full and complete discovery

20  responses in this matter.  STOLZ new counsel has assisted him in supplementing his responses

21  to the best of his ability and STOLZ wishes to proceed with this litigation.  Unfortunately,

22  TRAVELERS seeks the extreme relief of dismissal simply because they think STOLZ does not

23  have enough evidence to support his claims.  The discovery process is not the avenue to seek

24  such relief.

25  / / /

26  / / /

27  / / /

28  / / /

1    If TRAVELERS wishes to file a motion for summary judgment, it can do so.  If

2  TRAVELERS wants to bring up a perceived lack of evidence at trial, it can do so.  However,

3  dismissing this case or certain claims is not the right remedy.  Given these facts, STOLZ

4  respectfully requests that this Court decline to issue any further orders regarding this discovery,

5  including the award of any sanctions and/or dismissal.

6                            **II.  STATEMENT OF FACTS**

7    On April 28, 2018, STOLZ filed the complaint in this matter in the Superior Court of the

8  State of California, County of El Dorado.  Thereafter, this case was removed to this Court on or

9  about July 11, 2018 based on diversity jurisdiction.  (Docket Entry No. 1, Notice of Removal).

10    On September 28, 2018, TRAVELERS issued Interrogatories, Set No. One (Concurrently

11  filed herewith as **Exhibit A**) and Request for Production of Documents, Set No. One

12  (Concurrently filed herewith as **Exhibit B**).  On November 2, 2019, STOLZ, through his prior

13  counsel of record, Adli Law Group, P.C., served responses to the two sets of discovery.

14  Concurrently filed herewith as **Exhibit C** and **Exhibit D**).  It appears that documents were

15  produced at that time.  However, the responses to Interrogatories, Set No. One, contained

16  boilerplate objections with no substantive responses.  (Concurrently filed herewith as **Exhibit**

17  **C**).

18    On December 10, 2018, STOLZ, through his prior counsel of record, served further

19  responses to Interrogatories, Set No. One.  (Concurrently filed herewith as **Exhibit E**).

20    Thereafter, TRAVELERS set a motion to compel further responses for January 10, 2019.

21  Following a hearing on that motion, this Court ordered the parties to meet and confer.  (Docket

22  Entry No. 43, Concurrently filed herewith as **Exhibit F**).  In that order, STOLZ' counsel was

23  ordered to meet with STOLZ to clarify the scope of STOLZ' claims and requested damages.

24  Thereafter, STOLZ' counsel was to meet and confer with TRAVELERS counsel by January 17,

25  2019 and provide further responses by February 7, 2019.  Monetary sanctions were issued

26  against STOLZ at that time.

27    On January 18, 2019, STOLZ' counsel filed a motion to be relieved as counsel.  (Docket

28  Entry No. 44).  A discovery conference was held on January 22, 2019 with this Court.  On

1  January 23, 2019, this Court stayed discovery pending the motion to withdraw as counsel.

2  (Docket Entry No. 52).

3      On March 4, 2019, STOLZ' counsel was granted leave to withdraw as counsel.  On April

4  18, 2019, this Court held a status conference.  Thereafter, this Court ordered that STOLZ, who

5  was then representing himself, provide further responses to the outstanding discovery by May

6  9, 2019.  (Concurrently filed herewith as **Exhibit G**).

7      On April 24, 2019, STOLZ sent a letter to TRAVELERS' counsel attempting to comply

8  with the Court's order to clarify the nature and scope of STOLZ' claimed damages.  (Docket

9  Entry No. 76-2).  On April 26, 2019, STOLZ attended a telephonic meet and confer with Mr.

10  Murphy and discussed the discovery at issue.   (Declaration of Edward Royce Stolz, II).

11  Thereafter, on May 9, 2019, STOLZ served supplemental and confirmatory responses to the

12  Interrogatories, Set No. One. (Concurrently filed herewith as **Exhibit H** and **Exhibit I**).  These

13  new responses contained additional information not previously disclosed to TRAVELERS.

14  However, some of the responses incorporated prior objections and promised to provide further

15  supplemental information upon the retention of new counsel.  (*Id.*).

16      On or about May 24, 2019, the STOLZ and Mr. Murphy held a further telephonic meet

17  and confer, primarily to discuss other discovery matters being decided by this Court.  However,

18  during that conversation, Mr. Murphy and STOLZ discussed the responses to interrogatories and

19  document requests. Mr. Murphy informed STOLZ that the responses needed be verified and that

20  further documents needed to be produced.  STOLZ explained to Mr. Murphy that any further

21  documents regarding this case had been handed over to STOLZ' prior counsel and that STOLZ

22  was having difficulty getting them back.  There was no discussion about the substance of

23  STOLZ' May 9, 2019 responses. (Declaration of Edward Royce Stolz, II).

24      On May 30, 2019, TRAVELERS filed its first motion to enforce this Court's order

25  regarding STOLZ responses to discovery. (Docket Entry No. 76).  On or about June 6, 2019,

26  STOLZ retained the law firm of Hamilton & Associates, APC to represent him in this matter.

27      On June 6, 2019, STOLZ' new counsel, Mr. Hamilton, learned of the June 13, 2019

28  hearing.  That evening, Mr. Hamilton sent an e-mail to Mr. Murphy.  In that e-mail, Mr.

1    Hamilton requested that Mr. Murphy stipulate to a continuance of the June 13, 2019 hearing
2    because he was new to the case and felt that he could provide Mr. Murphy with responses
3    without the need for the motion to proceed.  Specifically, Mr. Hamilton's e-mail stated: "In the
4    meantime, I ask that you consider postponing or continuing the June 13, 2019 motion to enforce.
5    Although I am new to this case and will need some time to catch up to speed, I am confident that
6    I can work with Mr. Stolz to get you further supplemental responses which will render the need
7    for court intervention moot." (Concurrently filed herewith as **Exhibit J**)

8           In response, Mr. Murphy declined to entertain even a brief continuance of the hearing
9    despite the fact Mr. Hamilton was in the process of substituting in as counsel for Mr. Stolz and
10   had been in an out-of-county trial during the prior week.  (Concurrently filed herewith as
11   **Exhibit K**).

12          Rather than file an ex parte motion or seek a continuance of the June 13, 2019 hearing,
13   Mr. Hamilton quickly worked with STOLZ to served further supplemental discovery responses
14   pursuant to the original discovery requests and this Court's subsequent orders.  Thus, on June
15   11, 2019, STOLZ e-mailed further supplemental responses to Interrogatories, Set No. One and
16   Request for Production of Documents, Set No. One along with an e-mail explaining the
17   responses, suggesting a meet and confer regarding three remaining minor issues, and including
18   a download link for an additional document production. (Concurrently filed herewith as **Exhibit**
19   **L, Exhibit M, Exhibit N**).

20          At the June 13, 2019 hearing, this Court ordered, in part, that STOLZ serve supplemental
21   responses to TRAVELERS interrogatories and request for production of documents within 21
22   days of the order.  STOLZ was to serve his supplemental responses without objections, except
23   as to privacy.  At that hearing, there was no specific discussion about the substance of STOLZ'
24   new responses that had been served on June 11, 2019.  Respectfully, it was unclear whether the
25   Court had reviewed STOLZ' new responses.

26          In accordance with this Court's order, STOLZ served supplemental responses on July 5,
27   2019.  STOLZ' responses did not contain objections, per this Court's order. (Concurrently filed
28   herewith as **Exhibit O, Exhibit P**).  After receiving STOLZ responses, TRAVELERS sent a

1  July 12, 2019 meet and confer letter.  In large part, the letter simply chided STOLZ for not

2  keeping records of his travels and arguing about the sufficiency of STOLZ' evidence to support

3  his claims, not pointing to specific inadequacies in STOLZ responses.  (Concurrently filed

4  herewith as **Exhibit Q**).

5  On July 18, 2019 STOLZ' counsel responded to the meet and confer noting that STOLZ

6  has provided cell phone, gas, electricity and water records and receipts.  (Concurrently filed

7  herewith as **Exhibit R**).  STOLZ clarified and addressed all issues contained in TRAVELERS'

8  meet and confer letter.  Thereafter, STOLZ was deposed for 7 hours on July 23, 2019.  He was

9  questioned extensively about all of his claims.

10  After STOLZ' July 23, 2019 deposition, TRAVELERS sent STOLZ an e-mail, on August

11  7, 2019, addressing further perceived inadequacies in STOLZ' responses.  (Concurrently filed

12  herewith as **Exhibit S**).  STOLZ responded the next day, addressing the issues contained in

13  TRAVELERS' email.  (Concurrently filed herewith as **Exhibit T**).  Again, TRAVELERS'

14  purported meet and confer gave no guidance or proposal as to what information or documents

15  STOLZ was to produce.

16  On or about August 15, 2019 TRAVELERS' filed the instant motion, despite STOLZ

17  supplementing his discovery responses to the best of his ability.

18  ### III.  ARGUMENT

19  Based on the circumstances set forth in this motion, STOLZ respectfully requests that this

20  Court deny TRAVELERS' motion and decline to issue sanctions.

21  **A.    STOLZ HAS PROVIDED COMPLETE RESPONSES AND
            SUPPLEMENTED TO THE BEST OF HIS ABILITY**

22

23  As a preliminary matter, TRAVELERS' motion fails to actually detail and specify which

24  specific interrogatories are the subject of its motion.  TRAVELERS often uses the term

25  "meaningful responses" in stating that STOLZ should be sanctioned, yet it fails to specify how

26  the specific responses of STOLZ are not "meaningful responses."

27  If TRAVELERS is stating that STOLZ did not provide adequate responses to specific

28  interrogatories, it should, at least, state the interrogatory and how, with specificity, STOLZ did

---

1  not adequately respond.  TRAVELERS requests the extreme sanction of dismissing this action

2  or certain claims but cannot bother to provide details regarding the alleged deficiencies.  This

3  is unfair to STOLZ and contrary to standard motion practice.

4                    **1.**     **Interrogatory Responses**

5            Interrogatory number 1 asked STOLZ to "Identify the address(es) of the property that

6  YOU have resided at since January 1, 2013 to the PRESENT."  (Supplemental Responses to

7  Interrogatories served July 5, 2019, concurrently filed herewith as **Exhibit O**).  In response,

8  STOLZ identified the addresses.    There was no argument to the contrary put forth by

9  TRAVELERS.

10           Interrogatory number 2 asked STOLZ to "State with specificity the amount of time,

11 including but not limited to the number of days per month, YOU have resided at each property

12 identified in response to Interrogatory Number 1 from January 1, 2013 to the PRESENT."

13 (Supplemental Responses to Interrogatories served July 5, 2019, concurrently filed herewith as

14 **Exhibit O**).  In response, STOLZ provided an estimate, to the best of his ability, of 15 days per

15 month at the subject property.  He specified that he has not resided there since 2017.  STOLZ

16 provided as much detail as he could in regard to the other two properties listed. Specifically, for

17 the property lobated at 1 Toscana Way, he stated: "I do not consider this my primary residence;

18 however, I have occasionally occupied this property since 2017, Despite a diligent search, I do

19 not have any records which would help me provide a more accurate estimate of time at this

20 particular locations. " STOLZ further stated, for the property located at 25 San Marino Circle:

21 I have occasionally occupied this property since 2017.  Since 2017, my occupancy of this

22 property has increased because of my inability to reside at 3369 Patterson Way, El Dorado Hills,

23 California 95762.  Despite a diligent search, I do not have any records which would help me

24 provide a more accurate estimate of time at this particular location."

25           STOLZ even provided details, which he was not required to do, about why he does not

26 have further information: "Despite a diligent search, I do not have any records which would help

27 me provide a more accurate estimate of time at the above-mentioned locations.  My cell phone

28 billing statements do not indicate my location in relation to cell phone calls I make or receive.

1  I do not keep track of my location on my cell phone.  I do not keep a permanent personal or

2  buisness calendar. I generally keep track of appointments and events via notes made on notepads

3  and then discard said notepads once the appointment or event has occurred or the note is no

4  longer needed." STOLZ provided more detailed responses than were required, in an effort to

5  clarify his answers.

6      In hindsight, it may be easy to question how STOLZ does not have detailed records of

7  where he was staying and when, but an individual does not anticipate having to explain his daily

8  travels to a court in this way.  Further, STOLZ could not have anticipated the severe loss that he

9  would suffer.   Additionally, STOLZ cannot, and should not, be punished with the severe

10  sanction of dismissal simply because he does not know the answer to a question.  He tried his

11  best to answer the interrogatories, even providing information beyond what was sought, but he

12  simply does not have exact days that he stayed at the properties.  He has produced phone records,

13  water bills, gas and electric bills, and gas receipts, all of which relate to this interrogatory.

14      TRAVELERS claims the days that STOLZ stayed at the properties are important for

15  TRAVELERS determination of whether or not the insured home was his residence.  STOLZ

16  insists that he has provided the best answers he can.  With that being said, if he has already

17  provided that he spends half his time at the subject property, then why is it relevant how he split

18  up the remaining 15 days per month? STOLZ has stated he resided at all three properties.  If he

19  spends half his time at the subject property and splits the remaining half between two properties,

20  does this not allow TRAVELERS to determine whether he resided at the subject property or not?

21  Further, there is no "primary" residence requirement under the applicable policy. TRAVELERS

22  cannot even demonstrate why further information is needed.

23      TRAVELERS also appears to contend that STOLZ failed to adequately respond to

24  Interrogatory Number 3.  It is entirely unclear what further information TRAVELERS would

25  like.  TRAVELERS requested the amount of time STOLZ stayed at the subject property.

26  STOLZ provided TRAVELERS with the amount of time he stayed at the subject property. What

27  else is STOLZ supposed to supply?  If TRAVELERS seeks information beyond what it

28  requested, then this is an inadequacy in TRAVELERS' Interrogatories, not in STOLZ'

1  responses.  (Supplemental Responses to Interrogatories served July 5, 2019, concurrently filed

2  herewith as **Exhibit O**).

3              **2.**     **Request For Production Of Documents**

4        TRAVELERS points to STOLZ' response to Request for Production Number 4 as being

5  deficient.  The request sought "Any and all DOCUMENTS EVIDENCING YOUR business or

6  personal trips taken from January 1, 2015 to the present, including but not limited to

7  DOCUMENTS related to airline tickets, any form of transportation, hotel receipts, and/or other

8  housing."  (Supplemental Responses to Interrogatories served July 5, 2019, concurrently filed

9  herewith as **Exhibit P**).  STOLZ provided that "Despite a diligent search, I do not have any

10  records which would help me provide a more accurate estimate of business and personal trips

11  taken from January 1, 2015 to the time of the incident in 2017."  (Supplemental Responses to

12  Interrogatories served July 5, 2019, concurrently filed herewith as **Exhibit P**).  STOLZ further

13  detailed the reasons that he does not have records, stating: "Despite a diligent search, I do not

14  have any records which would help me provide a more accurate estimate of business and

15  personal trips taken from January 1, 2015 to the time of the incident in 2017.  My cell phone

16  billing statements do not indicate my location in relation to cell phone calls I make or receive.

17  I do not keep track of my location on my cell phone.  I do not keep a personal or business

18  calendar.  I generally keep track of appointments and events via notes made on scraps of paper

19  and then throw said notes away once the appointments or event has occurred or the note is no

20  longer needed.  I am in the process of locating and copying receipts which I will produce in

21  response to this request."

22        This was done in order to further assist TRAVELERS.  Again, if STOLZ does not have

23  further documentation then he cannot, obviously, produce further documentation.  Whether or

24  not TRAVELERS likes this fact is entirely immaterial and irrelevant.

25        In its motion, TRAVELERS states "Request for Production 8 sought documents regarding

26  damages, which would include loss of use, and Request for Production 11 specifically sought

27  documents for additional living expenses.  Plaintiff Stolz responded that while he was making

28  a claim for loss of use and for additional living expense, he had no documents."  (TRAVELERS

1  Second Motion to Enforce Order, pg. 5, ln 15-18).  This appears to be an error on TRAVELERS

2  part, as Request for Production Number 8 does not ask for documents relating to loss of use, it

3  asks for documents relating to attorneys fees damages.

4       If TRAVELERS intended to inquire into documents related to STOLZ claims for loss of

5  use, STOLZ has explicitly stated his position numerous times in letters to opposing counsel.

6  TRAVELERS denied STOLZ coverage so STOLZ did not expend money in this regard.  If

7  TRAVELERS had allowed use under this section, STOLZ would have sought the policy limits

8  and not be forced to reside at his other properties.  As a result, STOLZ is seeking the policy

9  limits and money that he would have been granted if not for the bad-faith denial of

10  TRAVELERS.  Mr. Hamilton has explained this position numerous times to TRAVELERS.

11       In regard to Request for Production Number 11, STOLZ stated, "I have no responsive

12  documents in my possession, custody or control."  TRAVELERS has failed to state how this

13  response is insufficient.  STOLZ does not have responsive documents in his possession, custody

14  or control, and he stated as much.  TRAVELERS has not supplied any law stating that not

15  possessing documents requested in discovery is punishable under the present motion and STOLZ

16  is not aware of any such law.  A perceived lack of evidence does not warrant sanctioning STOLZ

17  or finding that he violated a discovery order.  He simply cannot produce documents that he does

18  not have.  STOLZ has explained this numerous times to TRAVELERS, yet they insist in

19  bringing the instant motion.

20               **3.**    <u>**Efforts to Supplement**</u>

21       In an effort to move past the present discovery disputes, STOLZ has supplied

22  TRAVELERS with gas bills, electric bills, water bills and gas receipts. (Declaration of Edward

23  Royce Stolz, II).  STOLZ, since retaining counsel, has gone above and beyond to cooperate with

24  TRAVELERS.  It is important to remember that STOLZ is the one who suffered a loss and was

25  the one who has incurred substantial damages, yet TRAVELERS insists in harassing him with

26  motions of this kind, demanding documents and information STOLZ does not have.

27       If TRAVELERS feels that STOLZ lacks evidence in regard to his claims, then

28  TRAVELERS should address such perceived deficiencies, but not through a motion attacking

1  STOLZ' discovery responses.  He has made every effort to supplement his responses.

2  (Declaration of Edward Royce Stolz, II).

3       Thus, while this discovery matter has taken over six (6) months to resolve, the facts

4  demonstrate that STOLZ and his new counsel of record have acted in good faith to try to resolve

5  these issues.  Again, it should be noted that this entire dispute began and rose to the level of a

6  motion to compel during the time that STOLZ was represented by prior counsel.

7       **B.   THIS COURT SHOULD DECLINE TO IMPOSE MONETARY OR OTHER SANCTIONS.**

8

9       STOLZ respectfully requests that this Court decline to impose sanctions, whether

10  monetary, evidentiary or terminating sanctions, against him.  As the record above demonstrates,

11  this matter began with discovery responses containing mere boilerplate objections issued by

12  STOLZ' former counsel.  After STOLZ' counsel withdrew in the middle of a discovery dispute,

13  STOLZ endeavored, in good faith, to meet and confer and provide further responses.  He served

14  responses and then met and conferred further.  Ultimately, he retained new counsel so that he

15  could continue litigating his claims.  Upon retaining new counsel, STOLZ provided complete

16  and full supplemental responses twice, producing hundreds of additional documents.

17  (Declaration of Ben-Thomas Hamilton).

18       As set forth in the accompanying Declaration of Ben-Thomas Hamilton, STOLZ has been

19  placed at a significant disadvantage in this case by prior counsel.  To now punish STOLZ, who

20  has now fully responded to discovery requests, by imposing sanctions against him would simply

21  be unfair and contrary to the interests of justice.  To this end, STOLZ respectfully requests that

22  this deny TRAVLERS' second motion to enforce this Court's order.

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1

## VI. <u>CONCLUSION</u>

2

Given the foregoing, STOLZ respectfully requests that this Court deny TRAVELERS'

3

motion and decline to impose any sanctions.

4

Dated: August 22, 2019                                    HAMILTON & ASSOCIATES, APC

5

6                                                         /s/ Ben-Thomas Hamilton

7                                          By:    _____
                                                  Ben-Thomas Hamilton, Attorneys for
8                                                 Plaintiff EDWARD ROYCE STOLZ, II

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

K:\Clients\Stolz\Travelers\Pleadings\Motion to Enforce Order II\Opposition.wpd