UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ROYCE STOLZ, II,<br><br>Plaintiff,<br><br>v.<br><br>TRAVELERS COMMERCIAL<br>INSURANCE COMPANY, et al.<br><br>Defendants. | No. 2:18-cv-1923-KJM-KJN<br><br>ORDER AFTER STATUS CONFERENCE<br><br>(ECF No. 139) |

In this case, the undersigned previously ordered Plaintiff to produce certain documents and respond to certain interrogatories by October 4, 2019. (See ECF No. 121.) However, as former counsel for Plaintiff moved to withdraw on September 27 (granted November 2019), the undersigned stayed discovery and ordered the parties to submit a joint statement updating the Court on pending issues. (ECF Nos. 122, 134, 135.) On January 14, 2020, the parties submitted their joint statement, and appeared at the January 16 hearing. (ECF Nos. 138, 139.)

In light of the parties' representations at the hearing (including Plaintiff's representations that he has not received documents from his former Counsel, but that he has made no effort to do so), the undersigned now ORDERS the following:

1. Plaintiff Stolz shall contact his former counsel, Ben Thomas Hamilton, by the end of the day today (January 16) to facilitate the return of Stolz's documents. If Mr. Hamilton or someone from his office has not responded to Plaintiff by Tuesday, January 21, 2020,

Plaintiff shall contact the courtroom deputy to arrange for an informal telephonic update between the Court, Plaintiff, and Mr. Hamilton;

2. By January 17, 2020, Travelers shall transmit the draft copy of the protective order regarding the Ravenswood Trust to Plaintiff. By January 23, 2020, Plaintiff shall turn over the Ravenswood Trust documents to Defendant along with the signed copy of the protective order, should Plaintiff wish to have a protective order;

3. By January 30, 2020, Plaintiff shall submit his supplemental responses to Defendant's Interrogatories 1–3 and Request for Production 4, as detailed in the Court's September 13, 2019 order. (ECF No. 121.) This includes turning over the documents identified in the alphabetical list on page 13 of that order. (ECF No. 121 at p. 13, lines 10–22.);

4. By January 30, 2020, at 1:00 p.m., the parties shall confer about:
   a. Plaintiff's attempts to obtain counsel;
   b. Plaintiff's position on his diminution of value, loss of rents, and loss–of–use damages (whether he intends to keep or drop those claims), and Defendant's position on Plaintiff's document production, including whether Defendant plans to renew its motion to enforce (which, if pursued, Defendant may do by submitting a declaration and brief motion to renew the August 15, 2019 motion to enforce);
   c. Plaintiff's position on Defendant's proposal to limit the personal property damage to the itemized list, valued at $50,000 (See ECF No. 138.);
   d. Plaintiff's narrowing of his Interrogatories and Requests for Production (See ECF No. 138.) and Defendant's responses;
   e. The status of Plaintiff's substitution of his expert witness, the resumption of Expert Disclosures and submission of Rule 26 reports, and the availability of Plaintiff's expert for potential deposition (See ECF No. 138.);
   f. The need to contact District Judge Mueller to amend the dispositive motion date;
   g. Any other matters the parties need to discuss in order to close out discovery, finalize the current discovery disputes, and (if possible) prepare for settlement discussions; and

5. The parties shall submit a joint status report to the Court outlining the resolution of above matters by February 14, 2020.

Dated: January 16, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

stol.1923

3