UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ROYCE STOLZ, II,<br><br>Plaintiff,<br><br>v.<br><br>TRAVELERS INSURANCE, et al.<br><br>Defendants. | No. 2:18-cv-1923-KJM-KJN<br><br>ORDER TO RESPOND TO RENEWED SECOND MOTION TO ENFORCE<br><br>(ECF No. 143.) |

In this case, the undersigned previously ordered Plaintiff to produce certain documents and respond to certain interrogatories, as requested by Defendant Travelers, by October 4, 2019. (See ECF No. 121.) Since that time, Counsel for Plaintiff was permitted to withdraw, and the undersigned modified the order to provide Plaintiff more time to seek additional counsel. (See ECF No. 116.) At a January 16, 2020 hearing, the Court informed Plaintiff that at a certain point Defendant's second motion to enforce needed to be ruled on so the case could move forward on the merits of Plaintiff's claims. (ECF No. 139.) The Court therefore ordered that by January 30, the parties confer on the outstanding discovery issues, on Plaintiff's quest for new counsel, and on any other matters they need to discuss in order to close out discovery and prepare for dispositive motions before the assigned district judge. (ECF No. 40.) The Court informed Defendant that if it intended to renew its second motion to enforce, it may do so by declaration. (See Id.) The Court then set a deadline of February 14, 2020, for the parties to provide a joint statement regarding these (and other) issues. (See Id.)

On February 3, 2020, Counsel for Defendant filed a declaration detailing multiple interactions between Plaintiff and Defense Counsel since the January 16 hearing. (ECF No. 143.) Counsel declared that Plaintiff has yet to turn over any documents, and that Plaintiff stated he was close to retaining new counsel and was otherwise ignorant of the Court's previous orders. (See Id. at ¶¶ 49–50.) Counsel concluded by indicating that Defendant wishes to proceed with its Second Motion to Enforce; Defendant requests the Court sanction Plaintiff by dismissing his claims for loss of use, loss of rents, and "diminution of value" to the Property. (See Id. at ¶¶ 55–56.) The Court also notes that Plaintiff left a voicemail with the courtroom deputy at the end of January stating he is very close to obtaining new counsel.

Based on the above, the undersigned now ORDERS the following:

1. By February 12, 2020, purported new counsel shall have entered an appearance and submitted a declaration concerning his/her attempts to confer with Defense Counsel on the issues raised in Defendant's Second Motion to Enforce (ECF No. 105) as well as on all related issues that have arisen since that time;

2. If Plaintiff has not retained counsel by that date, **he shall—by February 14, 2020 (no extensions will be granted)** — either:

    a. Submit to Defendant his final responses to Defendant's outstanding discovery requests (Interrogatories 1–3 and Request for Production 4) (See ECF No. 105), as detailed in the Court's September 12, 2019 order (ECF No. 121); or

    b. Submit to the Court his opposition to Defendant's renewed Second Motion to Enforce (See ECF No. 105);

3. Defendant's reply to Plaintiff's February 14 response, if any, is due by February 21, 2020;

4. After February 21, the undersigned will take up Defendant's Second Motion to Enforce on the papers submitted, and will schedule a hearing only if necessary; and

5. The requirement that the parties submit a joint statement by February 14 (See ECF No. 140) is withdrawn.

Dated: February 4, 2020

stol.1923

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE