1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   EDWARD ROYCE STOLZ, II,                 No. 2:18-cv-1923-KJM-KJN

11                 Plaintiff,                 ORDER TO RESPOND TO RENEWED
                                              SECOND MOTION TO ENFORCE
12          v.
                                              (ECF No. 105, 121, 143.)
13   TRAVELERS INSURANCE, et al.

14                 Defendants.

15

16          In this case, the undersigned previously ordered plaintiff Stolz to produce certain

17   documents and respond to certain interrogatories, as requested by defendant Travelers, by

18   October 4, 2019. (See ECF No. 121.) Since then, Stolz's Counsel was permitted to withdraw,

19   Stolz was provided more time to retain new counsel—who entered this case on February 14,

20   2020. (See ECF No. 145, 147.) Thereafter, the court held a telephonic status conference on

21   March 6, 2020.

22          For the reasons stated at the hearing, the court GRANTS limited additional time for new

23   counsel to conduct a thorough review of all of Stolz's documents, as detailed in ECF No. 121. By

24   March 20, 2020, Stolz shall DELIVER to Travelers his responses to the outstanding discovery

25   requests (Interrogatories 1–3 and Request for Production 4) (See ECF No. 105). Concurrently,

26   Stolz's Counsel shall FILE with the court a declaration detailing the scope of his review of his

27   client's documents—including that he verified: (a) from Stolz's credit report, that Stolz in fact has

28   no credit cards; (b) from Stolz's bank statements (and credit cards, if shown on Stolz's credit

report), whether Stolz conducted transactions in the vicinity of the El Dorado property to indicate he resided in the area at least 15 days per month during the relevant time period; (c) from Stolz's cell phone records, whether they indicate his location during the relevant period and whether that location supports Stolz's prior statements that he spent at least 15 days per month in the vicinity of the El Dorado property; and (d) from all other documentation Stolz submitted to counsel, whether they support Stolz's averments regarding the amount of time spent at the El Dorado property. (See ECF No. 121; see also ECF No. 106-17, Stolz's Responses to Interrogatories 1-3.) In this filing with the court, counsel for Stolz shall update the court on the status of any other outstanding discovery disputes.

If, after reviewing Stolz's responses Travelers find them sufficient, it shall FILE a declaration with the court withdrawing its renewed second motion to enforce. If Travelers finds Stolz's responses deficient, it shall FILE a motion to renew its second motion to enforce, briefly detailing the alleged deficiencies in Stolz's latest responses. In this filing, Travelers shall update the court on the status of any other outstanding discovery disputes.

Finally, the court is in receipt of the parties' proposed order regarding the extension of the deadlines for expert disclosures and dispositive motions. (See ECF No. 151.) Given that the previous deadlines (see ECF No. 98) have been affected by this long-running discovery dispute and the court's order staying discovery during the pendency of prior counsel's withdrawal (see ECF No. 128), the court VACATES the expert disclosure deadlines from ECF No. 98. However, given that Stolz is now represented by counsel, this case ultimately will be referred back to the district judge—after this discovery dispute has concluded. See Local Rule 302(c)(21). At that point, the parties may refile with the assigned district judge their stipulation and proposed order to reset the expert discovery deadlines and the deadlines for dispositive motions.

SO ORDERED.

Dated:  March 9, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

stol.1923

2