Craig E. Famer (SBN 61086)
(cfarmer@farmercurtislaw.com)
Dawn D. Curtis (SBN 227076)
(dcurtis@farmercurtislaw.com)
**FARMER CURTIS, LLP**
3620 American River Drive, Suite 218
Sacramento, CA 95864
Telephone: (916) 679-6565; Fax: (916) 679-6575

Attorneys for Plaintiff
EDWARD ROYCE STOLZ, II

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ROYCE STOLZ II, an individual<br><br>Plaintiff,<br><br>vs.<br><br>TRAVELERS COMMERCIAL INSURANCE COMPANY, a Connecticut corporation, et al.<br><br>Defendants. | CASE NO. 2:18-CV-01923-KJM-KJN<br><br>**STIPULATION AND PROTECTIVE ORDER REGARDING PRODUCTION AND DISSEMINATION OF PRIVILEGED, CONFIDENTIAL AND PRIVATE MATERIALS**<br><br>Action Filed: 7/11/18<br>Assigned to: Hon. Kimberly J. Mueller<br>           U.S. District Judge<br>Referred to: Hon. Kendall J. Newman<br>           U.S. Magistrate Judge |

      IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff EDWARD ROYCE STOLZ II ("STOLZ") and Defendant TRAVELERS COMMERCIAL INSURANCE COMPANY ("TRAVELERS"), by their undersigned attorneys, that a Protective Order be entered in this action pursuant to United States District Court, Eastern District of California, Rule l 43(b), and a trial protective order pursuant to L.R. 141.l(b)(2). Pursuant to General Order No. 492, L.R. 141.1, the parties stipulate as follows:

      1.    As used herein, information designated as CONFIDENTIAL/PRIVILEGED" as hereinafter provided, includes any document (including writings, as defined by 28 USC §1732) produced by any party in response

1
STIPULATION AND PROTECTIVE ORDER;
CASE NO. 2:18-CV-01923-KJM-KJN

to any discovery request, interrogatory answers, any response to a request to admit, and deposition transcripts, together with all information contained therein and derived therefrom, and all copies, excerpts, or summaries thereof.

2. If any party in good faith believes a document or other discovery response constitutes, contains, or reflects privileged, private, or other confidential matter, that party may designate such document or discovery response a "CONFIDENTIAL/PRIVILEGED" in accordance with the procedures set forth in paragraphs 3 and 4, hereof. Any document of discovery response so designated, and all information contained therein and derived therefrom, and all copies, excerpts and summaries thereof, shall be considered "CONFIDENTIAL/PRIVILEGED" for purposes of this Stipulation and Protective Order.

3. To designate any information as protected information under this Stipulation and Protective Order, the party choosing to make such designation shall:

    a. In the case of documents and other tangible things, mark such matters "CONFIDENTAL/PRIVILEGED" at or prior to the time of production.

    b. In the case of depositions, state on the record that the deposition or a specified portion thereof involves confidential information, or by so advising all counsel within ten (10) days of receipt of the "rough" transcript. During this period, all deposition transcripts and the information contained therein shall be deemed designated CONFIDENTIAL/PRIVILEGED." The certified court reporter will affirmatively mark any portion of the deposition on the record as "CONFIDENTIAL/PRIVILEGED."

4. All information designated as "CONFIDENTIAL/PRIVILEGED" shall be used solely for the prosecution or defense of this action. Such Information shall not be used in or for any other cases, proceedings, disputes or for any commercial, business, competitive or any other purpose whatsoever and shall not be disclosed,

except as otherwise set forth in this Stipulation and Protection Order. Such information shall not be presumed to be discoverable in other cases, proceedings or disputes, even if relevant, and the burden shall be on the party seeking discovery to establish that access to this information is proper and necessary. It shall not be disclosed in any manner to anyone other than the following:

    a.    counsel who are actively engaged in the prosecution or defense of this action and employees or agents of such counsel assisting in the conduct of this action;

    b.    experts or consultants assisting counsel in this action;

    c.    parties and consultants of any party where deemed necessary by counsel to assist in the prosecution or defense of this action;

    d.    witnesses and their counsel during the course of, or in the preparation for hearings or depositions in this action where deemed necessary by counsel to assist in the prosecution or defense of this action;

    e.    the mediator assigned by the Court or mutually agreed to by the parties' attorneys to mediate this case and any of his or her employees she/he deems necessary to effectively mediate this case;

    f.    the United States District Court for the Eastern District of California and its personnel, including stenographic reporters regularly employed by the Court;

    g.    stenographic reporters not regularly employed by the Court, who are engaged in such proceedings as are necessarily incident to the conduct of this action; and

    h.    other persons only in accordance with paragraph 7 of this Stipulation and Order.

3
STIPULATION AND PROTECTIVE ORDER;
CASE NO. 2:18-CV-01923-KJM-KJN

5. Each person to whom any information designated "CONFIDENTIAL/PRIVILEGED" is disclosed shall be bound by the terms of this Stipulation and Protective Order.

6. Prior to disclosure of any information designated "CONFIDENTIAL/PRIVILEGED" under this Stipulation and Protective Order, each person to whom such information is to be disclosed (excluding the Court, counsel of record and legal assistants or other law firm employees working under their supervision in the prosecution or defense of this action) shall execute the form attached hereto as APPENDIX A. Counsel shall maintain all such executed forms on file throughout the pendency of this action.

7. In the event that counsel for any party determines that the prosecution or defense of this action requires that any "CONFIDENTIAL/PRIVILEGED" information be disclosed to persons not otherwise authorized therein, such counsel shall provide to counsel for the party that produced such material written notice of the intended disclosure (which notice shall specify with particularity the information to be disclosed and the identity, including name, title, and employer, of the otherwise unauthorized person) not less than seven (7) days prior to disclosure, or such shorter period as is agreeable to the party that produced such material. If, within four (4) days of receipt of such notice, counsel for the party which produced the material objects in writing to such disclosure to the counsel giving notice, the information shall not be disclosed unless the Court so orders. A Court order to disclose information as described in this paragraph may be obtained on an ex parte basis.

8. The designation of specific material as "CONFIDENTIAL/PRIVILEGED" shall be subject to challenge only after the parties have met and conferred in order to resolve any dispute regarding such designation. If the parties are unable to informally resolve a dispute regarding a

"CONFIDENTIAL/PRIVILEGED" designation, any party may seek to obtain a court order ruling that the disputed information or document is or is not "CONFIDENTIAL/PRIVILEGED." This order may be sought on an ex parte basis.

9. If any party wishes to include any information subject to this Stipulation and Protective Order or any summary, abstract or description thereof in any document filed with the Court in connection with the resolution of a hearing other than trial, such document or such portion thereof that contains "CONFIDENTIAL/PRIVILEGED" information shall be filed with the Court under seal in an envelope marked 'CONFIDENTIAL/PRIVILEGED." All material so filed shall be maintained by the Clerk of the Court separate from public records in this action and shall be released only upon further Order of the Court.

10. Each person to whom any information subject to this Stipulation and Protective Order is disclosed is hereby prohibited from divulging such material or any information contained therein or from exploiting in any way such material or information for his or her own benefit, and from using such material or information for any purposes or in any manner not connected with the prosecution or defense of this action.

11. Entering into, agreeing to, and/or complying with the terms of this Stipulation and Order shall not:

    a. operate as an admission that any particular designated material constitutes, contains or reflects trade secrets, proprietary or commercial information, or privileged or other confidential matter;

    b. prejudice in any way the right of any party to object to the production of documents or information it considers not subject to discovery or to seek a Court determination whether particular designated material should be produced;

      c.      prejudice in any way the right of any party to apply to the Court to rescind or modify the terms of this Stipulation and Protective Order or to move the Court for a further protective order;

      d.      prejudice in any way the right of any party to use, or object to the use of any designated material at any hearing or at trial;

      e.      affect the obligations of any party or person to comply with the terms of any compulsory process; or,

      f.      affect any existing rights of the parties or any member of the public to review, or republish materials, designated or not, that have been used at trial or submitted as a basis for adjudication.

12. This Stipulation and Protective Order shall have no effect upon, and its scope shall not extend to, any party's use of its own documents, testimony and information.

13. This Stipulation and Protective Order shall be effective from the date on which it is entered by the Court and shall apply from that date forward to all discovery and documents in this matter, whether produced before or after that date.

14. Within sixty (60) days after final disposition of this action (including all appellate proceedings), all "CONFIDENTIAL/PRIVILEGED" material and all copies, excerpts, and extracts (excluding excerpts or extracts incorporated into any privilege memoranda), except for such material which becomes part of the record in this action, shall be destroyed or returned to the person producing the material. Any party to this Stipulation and Protective Order may seek assurances that such destruction or return has taken place by serving a demand in writing to counsel for the other party for such assurance, which shall be responded to in writing within thirty (30) days of receipt thereof.

15. The consent of the undersigned attorneys to this Stipulation and Protective Order shall be deemed binding upon such attorneys' professional,

stenographic, paralegal, clerical and other employees, as well as upon such attorneys' clients of record herein.

DATED: March 5, 2020               FORAN GLENNON PALANDECH
                                   PONZI & RUDLOFF PC


                                   By: */s/ Edward P. Murphy*
                                       Edward P. Murphy
                                       Attorneys for Defendant Travelers
                                       Commercial Insurance Company


DATED: March 5, 2020               FARMER CURTIS, LLP


                                   By: */s/ Craig E. Farmer*
                                       Craig. E. Farmer
                                       Attorneys for Plaintiff Edward Royce Stolz II


### **ORDER**

The Court has reviewed the parties' stipulated protective order, which complies with the relevant authorities and the Court's applicable local rule. See L.R. 141.1(c);[1] see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002) ("Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary.") Therefore, the Court GRANTS the request subject to the following clarification.

It is unclear as to the parties' intent concerning the duration of the Court's jurisdiction

---

[1] The Court's Local Rules instruct the parties, when requesting a protective order, to include in their submission:

(1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);
(2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and
(3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c).

regarding this protective order. The Local Rules indicate that once this action is closed, "unless otherwise ordered, the Court will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." L.R. 141.1(f). Courts in the district generally do not agree to retain jurisdiction after closure of the case, and the Court sees no reason to do so here. See, e.g., MD Helicopters, Inc. v. Aerometals, Inc., 2017 WL 495778 (E.D. Cal., February 03, 2017). Thus, for clarity, the undersigned informs the parties that once the case is closed, the court will not retain jurisdiction over this protective order.

Dated: March 10, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

stol.1923

# APPENDIX A

The undersigned hereby acknowledges having read the annexed Stipulation and Protective Order entered in the above-entitled action on _____, and understands the terms thereof, and agrees to be bound by said Stipulation and Protective Order and by such other orders as may be made by the Court respecting the discovery of confidential material in this action.

In addition, the undersigned agrees that, except as set forth in said Stipulation and Protective Order, he/she will not publish any copy of any confidential material given to him/her, and will not communicate the contents of such confidential material to any person not otherwise authorized to receive such material according to the Stipulation and Protective Order, and agrees to hold such confidential material in confidence according to the terms of the Stipulation and Protective Order.

In addition, the undersigned agrees that at the conclusion of his/her duties in connection with the above entitled action, all confidential material received by him/her, and all copies, extracts, Abstracts, charts and summaries thereof, whether written or otherwise recorded, will be returned to the person from whom such material was received. The undersigned understands that a violation of the Stipulation and Protective Order may result in civil or criminal contempt penalties.

Dated: _____          BY: _____
                              Print Name: _____