UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Edward Royce Stolz, II,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Travelers Commercial Insurance Company,<br><br>　　　　　Defendants. | No. 2:18-cv-01923-KJM-KJN<br><br>ORDER |

　　　　Defendant Travelers Commercial Insurance Company moves to exclude the opinions of four experts identified by plaintiff Edward Stolz in this insurance coverage dispute. Stolz's disclosures did not comply with Rule 26(a)(2) and this court's scheduling orders, and he has not shown his noncompliance was substantially justified or harmless. The motion is **granted**.

**I.    BACKGROUND**

　　　　Years ago, heavy rain in El Dorado County damaged a house on one of Stolz's properties. Compl. ¶ 2, Notice of Removal Ex. A, ECF No. 1-1. He submitted an insurance claim to Travelers. *Id.* ¶ 3. After investigating, Travelers decided the damages were excluded from coverage, and it denied his claim. *Id.* Stolz filed this action to challenge the denial. *See id.* ¶¶ 22–43.

/////

1

After a scheduling conference, the court set deadlines for discovery and pretrial motions in a Rule 16 scheduling order. ECF No. 26. These dates included deadlines for each side to disclose the names of their experts and to exchange their experts' written reports under Federal Rule of Civil Procedure 26. *Id.* at 2. The court warned the parties that if an expert were not identified by the deadline, the expert would "in all likelihood" be precluded from testifying at trial. *Id.* at 3.

Discovery began, and so did protracted litigation about Stolz's refusals to permit inspections of his property and his responses to Traveler's request for documents and written discovery. These disputes were extensively briefed and argued before the assigned magistrate judge. They were further complicated when Stolz's attorneys repeatedly withdrew, sometimes abruptly, and sometimes after citing ethical obligations under the California Rules of Professional Conduct. The court issued several orders compelling discovery and imposing monetary sanctions, which Stolz was often required to satisfy personally. *See, e.g.*, Orders at ECF Nos. 21, 42, 43, 87, 104, 121 & 167; Mots. Withdraw, ECF Nos. 44, 122; Evid. Hr'g Trs., ECF Nos. 75, 103.

The parties also have contested expert disclosures. Stolz sent Travelers a list of six potential witnesses with brief summaries of their expected opinions. *See generally* Pl.'s Expert Disclosures, Murphy Ex. A, ECF No. 179-3. He identified three of the experts as retained and one expert as not retained, and for the remaining two, he did not say whether the witness was retained. *See id.* One of these final two witnesses was Stolz himself, and the parties appear to agree that Stolz has not retained himself to offer expert opinions. The other is Debby McKay, also known as Debby Naiman, who is a real estate agent. *See id.* ¶¶ 5–6. Stolz now claims Ms. Naiman's opinions are not those of a retained expert. *See* Opp'n at 9, ECF No. 182. Travelers disagrees. *See* Reply at 7, ECF No. 183.

Although Stolz identified at least three witnesses as retained experts, he did not send Travelers any expert reports before the deadline set in this court's scheduling orders. Travelers's counsel offered to accept expert reports after the deadline, but Stolz did not respond. *See* Murphy Decl. ¶ 3 & Ex. B, ECF Nos. 179-2 & 179-4. He instead filed an ex parte application to extend

the deadline after the fact. *See* Ex Parte App., ECF No. 112. Attached to his ex parte application was a declaration from his attorney at the time, Ben-Thomas Hamilton, who attributed the missing expert reports to Stolz's previous attorneys and ongoing discovery litigation. *See* Hamilton Decl. ¶¶ 3, 7, ECF No. 112-2. According to Hamilton, his predecessors had not even attempted to retain experts. *See Id*. ¶ 7. Hamilton's office had recently retained "several experts," but not with enough time to prepare reports. *Id*. ¶ 8.

Travelers stipulated to an extension of the disclosure deadline, but the parties were engaged in a broader and logically antecedent discovery battle about Stolz's responses to written discovery requests, and the magistrate judge deferred a decision on dates and deadlines until that broader conflict was resolved. *See* Order (Apr. 8, 2020) at 2 n.1, ECF No. 161. But before that resolution, Hamilton withdrew. *See generally* Hamilton Decl., ECF No. 122-2; Order (Nov. 19, 2019), ECF No. 134. No new deadlines were set. To date, Stolz has never given Travelers any expert reports.

After Stolz retained counsel to replace Mr. Hamilton in October 2020, the court set a status conference. *See* Order Substituting Att'y, ECF No. 171; Minute Order, ECF No. 173. At that time, about a year had passed since expert disclosures were due. Travelers asked the court to strike Stolz's expert disclosures, and Stolz asked for more time to disclose. *See* Joint Rep. at 5–9, ECF No. 175. The court declined to decide whether Stolz's experts would be excluded, but noted that counsel could pursue that sanction by motion. A few days later, Travelers filed its current motion to exclude the opinions of the four witnesses noted above: the three retained experts and Ms. Naiman. *See* Mot. Exclude, ECF No. 179; Mem., ECF No. 179-1. Stolz opposes the motion, and Travelers has replied. Opp'n, ECF No. 182; Reply, ECF No. 183. The court took the motion under submission without a hearing and vacated all other dates until the motion was resolved. *See* Orders, ECF Nos. 187, 189.

**II.  DISCUSSION**

Federal Rule of Civil Procedure 26 requires litigants to disclose "the identity" of any witnesses they "may use at trial" to offer expert opinions. Fed. R. Civ. P. 26(a)(2)(A). If an expert is a person the party has "retained or specially employed to provide expert testimony in the

3

case," or if the expert is "one whose duties as the party's employee regularly involve giving expert testimony," then the party's disclosure of that witness's opinions "must be accompanied by a written report—prepared and signed by the witness." Fed. R. Civ. P. 26(a)(2)(B). Reports must include "a complete statement of all opinions the witness will express and the basis and reasons for them," "the facts or data considered by the witness in forming them," and "a statement of the compensation to be paid for the study and testimony in the case," among other things. Fed. R. Civ. P. 26(a)(2)(B)(i)–(vi). If, on the other hand, a report is not required—that is, if the expert witness is not retained and is not an employee whose duties regularly involve giving expert testimony—then a party need only describe "the subject matter on which the witness is expected to present evidence" and give "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). These disclosures are due "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

Rule 26 thus required Stolz to provide Travelers with expert reports for each of the three witnesses he identified as retained experts. He has not complied. As for the fourth witness, Ms. Naiman, the court need not decide whether she was required to prepare a report. Stolz's disclosure with respect to her falls short of the standard for experts who are not retained as well. He disclosed only that Ms. Naiman "is a real estate agent who will testify to matters including, but not limited to, the value of the home and the value of real estate in the El Dorado Hills area, including rental and sales prices as well as Plaintiff's claim of diminution in value." Pl.'s Expert Disclosures ¶ 5. Federal district courts have often found similarly generalized descriptions inadequate. Generalized topical summaries do not fulfill the purpose of Rule 26(a)(2)(C): allowing the opposing party to "determine what, if any, adverse opinions are being proffered" or to "make an informed decision as to whether it is necessary to take a deposition and whether a responding expert is needed." *Krause v. Hawaiian Airlines, Inc.*, No. 18-00928, 2019 WL 2598770, at *5 (E.D. Cal. June 25, 2019) (quoting *Burreson v. BASF Corp.*, No. 13-0066, 2014 WL 4195588, at *5 (E.D. Cal. Aug. 22, 2014)); *see also, e.g.*, *Pineda v. City & Cty. of San Francisco*, 280 F.R.D. 517, 523 (N.D. Cal. 2012) (finding disclosure inadequate because it stated only that doctor would "present factual and opinion testimony on causation, diagnosis,

1 prognosis, and extent of [the] disability" based on treatment and review of medical records (other
2 alterations omitted)).

3     All four of the challenged disclosures thus fall short of Rule 26. A party who does not
4 comply with the Rule 26 expert disclosure requirements "is not allowed to use that information or
5 witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was
6 substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). Exclusion of experts is "automatic"
7 unless the party facing exclusion shows its nondisclosure was substantially justified or harmless.
8 *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021) (quoting *Yeti by Molly, Ltd.
9 v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)).

10     Stolz argues the shortcomings in his disclosures were both substantially justified and
11 harmless. First, he contends his delays were justified by his previous attorneys' withdrawal. *See*
12 Opp'n at 5. This is not a persuasive argument. The circumstances of those withdrawals were
13 within his control. The counsel he originally retained moved to withdraw in January 2019
14 because he had not paid fees, because he had not cooperated in the prosecution of his case, and
15 because his attorneys believed their continued representation would likely result in a violation of
16 the California Rules of Professional Conduct. *See generally* Mem. Withdraw, ECF No. 44-1.
17 Stolz then represented himself until June 2019, when he retained Mr. Hamilton. *See* Substitution,
18 ECF No. 81. Mr. Hamilton did not request more time for experts to prepare reports until the
19 disclosure deadline had passed. *See* Ex Parte App., ECF No. 112; Order (July 19, 2019), ECF
20 No. 98. Mr. Hamilton then moved to withdraw after Stolz did not pay his fees, did not cooperate
21 and disregarded Hamilton's advice. *See generally* Mem. Withdraw, ECF No. 122-1. Stolz's
22 failure to disclose expert opinions was not substantially justified. *See Henry v. Gill Indus., Inc.*,
23 983 F.2d 943, 948–49 (9th Cir. 1993) (holding noncompliance due to circumstance within party's
24 control not substantially justified).

25     Second, Stolz argues Travelers cannot credibly claim to have been harmed by his
26 nondisclosure because Travelers previously stipulated to an extension of the disclosure deadline.
27 *See, e.g.*, Opp'n at 5. The court did not approve the stipulation, however, and Travelers did not
28 /////

1  agree to an indefinite extension, which Stolz would obtain if the court denied Travelers's motion
2  to exclude.
3       Third, Stolz argues his delays will cause no harm to Travelers because the court has set
4  new expert disclosure deadlines and can allow Travelers more time to prepare its own reports and
5  conduct discovery. *See, e.g.*, Opp'n at 5–6, 8. These are viable arguments in the abstract, as the
6  court has not set a trial date, and the parties could agree to extend discovery deadlines
7  reciprocally in a way the court might approve. In practice, however, harm to Travelers cannot be
8  avoided, as explained below.
9       Each of the four experts would offer opinions about damages to Stolz's house and its
10 contents. The first retained expert would testify about repair costs, for example. *See* Pl.'s Expert
11 Disclosure ¶ 1. The second would give opinions about damages to personal property within the
12 house. *See id.* ¶ 3. The third would testify about mold growth and damage. *See id.* ¶ 4. And
13 although the substance of Ms. Naiman's expected testimony is murky, it is clear at least that Stolz
14 would rely on her opinions to show how much value was lost. *See id.* ¶ 5.
15      If these experts had more time to prepare and disclose their opinions, or if Stolz were
16 permitted to find different experts and disclose them and their opinions, then he could rely on
17 both the property's past condition and its present condition, and he could propose new theories of
18 causation and harm. Travelers, by contrast, would have only the property's past condition and the
19 previously disclosed opinions of its experts. The parties would thus be working with
20 fundamentally different facts. Travelers and its experts would not have a fair opportunity to
21 respond to the opinions of Stolz's experts without first ascertaining the property's current
22 condition, and more fact discovery would likely be necessary to resolve the imbalance. Fact
23 discovery in this case has been contentious, lengthy and costly, often as a result of Stolz's
24 sanctionable conduct. Stolz's delay would thus force costs on Travelers, costs that are likely to
25 be large both in terms of time and of money.
26      If, as here, a party facing sanctions under Rule 37(c)(1) argues its nondisclosure was
27 harmless, and if excluding the undisclosed evidence would amount to the disposition of a claim,
28 then a district court must also decide "whether the claimed noncompliance involved willfulness,

6

fault, or bad faith." *R & R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1247 (9th Cir. 2012) (citations omitted); *see also Merchant*, 993 F.3d at 740–41. Stolz does not argue that granting Travelers's motion would deal "a fatal blow" to any claim. *R & R Sails*, 673 F.3d at 1247. He argues only that expert opinions "will be important." Opp'n at 6.

Even if Stolz had shown that excluding his experts' opinions would dispose of a claim, the result would be the same because he is at fault for the nondisclosure. Nothing in the record suggests the circumstances that led to his noncompliance were outside his own and his attorneys' control. Rather, the contrary is true. According to Mr. Hamilton, the nondisclosure was the result of an "extreme oversight (or other failure) on the part of his prior counsel" and of ongoing litigation about Stolz's discovery responses, which was resolved against him, as summarized above. Ex Parte App. Continue at 2, ECF No. 112-1. "'[D]isobedient conduct not shown to be outside the control of the litigant' is all that is required to demonstrate willfulness, bad faith, or fault." *Henry*, 983 F.2d at 948 (quoting *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1341 (9th Cir. 1985)). The same is true of faults by counsel. *See Merchant*, 993 F.3d at 742 n.2. Exclusion would thus be appropriate even if dispositive of claims in the complaint.

A party facing sanctions under Rule 37(c)(1) may propose a lesser sanction than exclusion, and if it does, the district court must consider whether a lesser sanction would be appropriate. *See Merchant*, 993 F.3d at 741. But the court need not investigate alternatives if the party facing sanctions does not affirmatively request a lesser sanction or show why a lesser sanction "is better suited to the circumstances." *Id*. Stolz does not request or propose a lesser sanction.

In the interest of avoiding an injustice, the court nevertheless has considered whether lesser sanctions are available and appropriate under the circumstances. Rule 37 lists several sanctions that a district court may impose as alternatives to exclusion. *See* Fed. R. Civ. P. 37(b)(2)(A) & (c)(1). Some of these alternatives would be counterproductive or harsher than exclusion. *See* Fed. R. Civ. P. 37(b)(2)(A)(iii)–(vi) (striking pleadings, issuing stay, dismissing the action, or entering default judgment). Others would not adequately remedy the prejudice Travelers would suffer. *See* Fed. R. Civ. P. 37(c)(1)(B) (informing jury of the failure). Still

7

others would be difficult to administer fairly on the current record or would be an exclusion in all but name.  *See* Fed. R. Civ. P. 37(b)(2)(A)(i)–(ii) (directing that facts are established, prohibiting the disobedient party from supporting or opposing claim or defense, and prohibiting introduction of evidence).  Rule 37 also permits the imposition of monetary sanctions, *see* Fed. R. Civ. P. 37(c)(1)(A), but monetary sanctions have not been an effective means of securing Stolz's compliance with the Federal Rules of Civil Procedure, *see, e.g.*, ECF Nos. 43, 87, 99, 104, 128.  The court declines to impose an alternative sanction.

### III.     CONCLUSION

The motion to exclude is **granted**.  Plaintiff may not disclose additional expert testimony beyond the testimony listed in his previous Rule 26 disclosures.  He may not offer expert opinion testimony by Guy McGowan, Mandy Sabbadini, Dominick Sager and Debby McKay (Naiman) at trial.

All dates and deadlines are **vacated**.  **Within twenty-one days**, the parties must meet and confer and file a joint status report proposing a schedule for the remainder of this case.

This order resolves ECF No. 179.

IT IS SO ORDERED.

DATED:  February 9, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE